Larry James KRIST,
Petitioner-Appellant,

v.

Dale FOLTZ, Respondent-Appellee.

No. 85–1925.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 25, 1986.

Decided Nov. 6, 1986.

---

Arthur J. Tarnow (argued), Detroit, Mich., for petitioner-appellant.

Edgar L. Church, Jr. (argued), Corrections Div., Lansing, Mich., for respondent-appellee.

Before LIVELY, Chief Judge, MERRITT, Circuit Judge, and TIMBERS, Senior Circuit Judge.*

LIVELY, Chief Judge.

This is an appeal from denial of a petition for a writ of habeas corpus. 28 U.S.C. § 2254 (1982). The petitioner was convicted in a Michigan court on two charges of armed robbery. The Michigan Court of Appeals reversed one conviction and affirmed the other. The matter was remanded to the trial court for entry of an unarmed robbery conviction in place of the one reversed. *People v. Krist,* 93 Mich. App. 425, 287 N.W.2d 251 (1979), *appeal denied,* 407 Mich. 963 (1980). Unarmed robbery is a lesser included offense of arm-

---

* The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

ed robbery. *People v. Chamblis*, 395 Mich. 408, 424, 236 N.W.2d 473 (1975). Four years later the petitioner filed a motion for delayed appeal which was denied by the trial court, and this denial was upheld on appeal. These habeas corpus proceedings followed.

## I.

Two men, one tall and one short, robbed two establishments the night of December 10, 1976. At trial in September 1977 several witnesses identified Krist as the short robber. In addition, Thomas Surline confessed that he was the tall robber and that Krist was his accomplice. No witness to the robberies saw a weapon, but a clerk in the first establishment, the Beverage Barn, stated that one of the robbers threatened to blow his head off with "a .357 magnum" if he did not follow directions. Several witnesses at the second place, Walsh's Party Store, testified that Surline waved his hand in his pocket and shouted, "I have a gun, I have a gun." Surline testified that neither he nor Krist actually had a weapon and that he had never seen Krist with a gun of any type. In reversing the first count (the Beverage Barn robbery), the Michigan Court of Appeals held that the State failed to prove that the defendant was armed with a weapon or any article used or fashioned as a weapon, a requirement of Michigan's armed robbery statute. 93 Mich.App. at 431–33, 287 N.W.2d 251.

## II.

As in the district court, Krist contends on appeal that his court-appointed attorney's performance deprived him of the effective assistance of counsel. He alleges that his attorney, Paul Silver, committed six prejudicial errors. We will consider these claims as presented in brief and oral argument.

## A.

Krist asserts that attorney Silver rendered ineffective assistance by failing to pursue a defense of intoxication. Although Surline testified that he and Krist had been drinking heavily, the witness who gave the clearest identification of Krist at the Beverage Barn did not mention any signs of intoxication. Further, an employee of Walsh's Party Store stated that Krist gave all of the orders and did not appear to have been drinking. She was able to understand everything he said. On cross-examination Krist's attorney, Silver, elicited from this witness that the taller robber, who yelled and talked "crazy," may have been drunk. The record also discloses that Krist was stopped by the police within three hours after the robberies and warned about driving without lights. He was released, however, and not detained for investigation of possible drunken driving. The only substantial evidence of Krist's being intoxicated related to the time of his arrest, not the time of the robberies. Krist objected to admission of a statement made to the arresting officers, claiming he was drunk at the time of the arrest. The state trial judge held a "Walker hearing" on the admissibility of the statement and ruled that there was no evidence that Krist was intoxicated when he was arrested and gave the statement. The statement was admitted as voluntarily made.

■ This claim of ineffective assistance has no merit. There was no evidence that Krist was so intoxicated that he was unable to form the specific intent required for an armed robbery conviction. In fact, the only witness who testified on the subject stated that Krist talked clearly and was easily understood. This was in contrast to Surline, who was yelling and moving about in an agitated manner. No witness testified that Krist staggered or otherwise displayed signs of intoxication. To charge an attorney with ineffective assistance for failing to rely on an intoxication defense on the basis of this record would be unfair. It is interesting to note that the state defender who handled Krist's appeal argued ineffective assistance of counsel but did not mention the ground of failure to rely on an intoxication defense. An attorney is not required to present a baseless defense or to create one that does not exist. *United States v. Cronic*, 466 U.S. 648, 656–57 n.

19, 104 S.Ct. 2039, 2045–46 n. 19, 80 L.Ed.2d 627 (1984).

As the Supreme Court stated in *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984):

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

(Citation omitted). According the required deference to the attorney's performance, and eliminating "the distorting effects of hindsight," *id.,* we conclude that the failure to rely on a defense of intoxication did not render Silver's representation of Krist ineffective.

### B.

■ Krist also charges that Silver rendered ineffective assistance in failing to object to the "prosecutor's tactic" of rebutting alibi evidence in his case-in-chief and in failing to object to an instruction on accomplice testimony. We consider these claims together. The order of proof in a state criminal trial is governed by state evidentiary law. A federal court will not overturn a state conviction in habeas corpus proceedings on the basis of an evidentiary ruling unless that ruling has deprived the defendant of some right or privilege under the Constitution. *Bell v. Arn,* 536 F.2d 123 (6th Cir.1976); *Combs v. Tennessee,* 530 F.2d 695 (6th Cir.), *cert. denied,* 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976). No such result could be ascribed to the order of proof permitted by the trial court in this case, and the district court properly denied this claim of ineffective assistance of counsel. Further, the failure of counsel to request an instruction that accomplice testimony is to be viewed with skepticism was insignificant. Surline's unsavory past and his motive for naming the defendant as his companion in crime were fully developed by counsel on cross-examination.

Both of these claims must be rejected for failure to establish prejudice to the petitioner. Given the overwhelming evidence of Krist's participation in the two robberies, even if the alleged failures of counsel are considered errors, there was no showing of a reasonable probability that but for these errors "the result of the proceeding would have been different." *Strickland,* 446 U.S. at 694, 104 S.Ct. at 2068. In many cases the lack of prejudice is apparent and there is no necessity to deal extensively with a particular claim that the performance of an attorney fell below the objective standard of reasonableness. *Id.* at 697, 104 S.Ct. at 2069. These two claims fall into this category.

### C.

Petitioner also charges that counsel rendered ineffective assistance by seeking and obtaining the admission of otherwise inadmissible mug shot evidence. The record does not support this claim. One mug shot was introduced by Krist's attorney in an effort to cast doubt on the identification testimony of one of the customer-witnesses. The picture was taken at the time Krist was booked on the two robbery charges and did not indicate any prior criminal activity, because it was related solely to the charges on which Krist was being tried. The jury knew that Krist had been arrested and there could be no conceivable prejudice from letting them see this mug shot. The attorney made it clear in introducing the photograph that it was taken at the time of Krist's arrest for the instant offenses.

### D.

■ Petitioner contends that trial counsel acted ineffectively in failing to move for a severance of the two armed robbery charges. The Michigan Court of Appeals dealt with this claim and held that while joinder of the two robbery counts "may have been improper," the similarity in details of the two robberies and their closeness in time would have made evidence of one crime admissible at a separate trial of

the other. 93 Mich.App. at 437, 287 N.W.2d 251. We are bound by this interpretation of Michigan law, *Brown v. Ohio*, 432 U.S. 161, 167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977), and agree with the Michigan Court of Appeals that Krist suffered no prejudice from Silver's failure to move for a severance.

#### E.

■ Krist also bases a claim of ineffective assistance on counsel's reference to the fact that the prosecution witness Surline had taken a polygraph examination. The Michigan Court of Appeals also dealt with the claim and held that it clearly involved a matter of trial strategy.

> When Surline inadvertently mentioned the polygraph test, defense counsel clearly perceived it as a method of challenging the witness's credibility. Choices made by counsel within the rubric of "trial strategy" do not deprive a defendant of either a fair trial or effective assistance of counsel. *People v. Garcia, supra,* [398 Mich. 250], 264–66 [247 N.W.2d 547 (1976)], *People v. Bowen*, 77 Mich App 684, 690; 259 NW2d 189 (1977), *People v. Penn*, 70 Mich App 638, 648; 247 NW2d 575 (1976). The brief questions at issue, designed to impugn the witness's credibility, did not elicit the *results* of the exam, *see People v Barbara*, 400 Mich 352; 255 NW2d 171 (1977), *People v Davis*, 343 Mich 348; 72 NW2d 269 (1955), and the trial judge cautioned the jury to disregard any reference to the polygraph.

*People v. Krist,* 93 Mich.App. at 438, 287 N.W.2d 251. (Italics in original).

We agree with the conclusion of the Michigan court that reference to the polygraph test was permissible as a matter of trial strategy. *Strickland* teaches that courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." 466 U.S. at 689, 104 S.Ct. at 2065. Applying this presumption, we find no basis in counsel's reference to a polygraph exam for holding that Silver rendered ineffective assistance to Krist.

#### III.

At oral argument habeas counsel made several "catch-all" claims of ineffective assistance by referring to Silver's limited trial practice and the cumulative effect of the specific errors claimed. In *Cronic* the Supreme Court rejected a court of appeals finding of ineffective assistance of counsel based on inferences drawn from such factors as the youth and inexperience of counsel and disparity of preparation time available to the government and the defense. The Court emphasized that actual performance of an attorney at trial is the key to an ineffective assistance claim except in those rare cases where surrounding circumstances justify a presumption of ineffectiveness. *Cronic*, 466 U.S. at 658–62, 104 S.Ct. at 2046–49.

■ Repeating the emphasis on actual performance, the Court stated in *Strickland:*

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

466 U.S. at 686, 104 S.Ct. at 2064. This determination must be based on a consideration of the "totality of the evidence before the judge or jury." *Id.* at 695, 104 S.Ct. at 2069. An examination of the entire transcript of the state trial leads inevitably to the conclusion that attorney Silver's performance did not undermine the adversarial process. In fact Mr. Silver made numerous pertinent motions and carefully cross-examined the prosecution witnesses. His cross-examination on the issue of the presence of a weapon developed the record upon which the Michigan Court of Appeals reversed one of the armed robbery convictions. In his closing argument Silver emphasized the inconsistencies in testimony of various witnesses and the internal inconsistencies in Surline's testimony. On the whole record we find no basis for conclud-

ing that he rendered ineffective assistance to Krist.

## IV.

█ The petitioner makes a separate claim that he was denied his Sixth Amendment right to counsel at trial by reason of the failure of the trial court to appoint substitute counsel or allow an adequate opportunity to retain counsel.

At a pretrial hearing on defense counsel's motion to suppress identification testimony, held on August 15, 1977, Krist requested the court to permit him to "waive" court-appointed counsel and seek to retain an attorney. The trial court granted the motion, but directed Mr. Silver to remain in the case and sit with Krist during the trial. Jury selection in the case had previously been set for August 17. On that date Krist stated that he did not want Silver to assist at the trial and that he was not able to represent himself. When the court indicated that it would direct Silver to continue to represent him, Krist stated that there had been "numerous failures to communicate" between him and the court-appointed attorney and that he had not made the motion to "waive" with any intent to delay the trial. The trial court permitted Krist to make a lengthy statement on the record.

The trial court noted that Silver was the second attorney appointed to represent Krist on the armed robbery charges, and that the first attorney had been relieved because Krist was not satisfied with him. In denying the motion to delay the trial until Krist could retain counsel the court instructed Silver to confer with Krist and follow his directions. Jury selection did not begin on August 17 and the case was reset for trial on September 7. Jury selection began on that date, and the trial proceeded after the court denied Krist's renewed motion to delay the trial while his father continued his attempts to retain counsel. More than three weeks had elapsed since Krist first sought to replace Silver, and still he had not succeeded in retaining an attorney to represent him.

The Michigan Court of Appeals treated this claim as well. After examining the pretrial and trial performance of the appointed attorney, the court of appeals found no prejudice to Krist. In addition it found nothing more than a disagreement over trial strategy between Krist and Silver, not a bona fide irreconcilable dispute regarding a substantial defense. 93 Mich. App. at 435–36, 287 N.W.2d 251. While the state court's determination that counsel rendered effective assistance relates to a mixed question of law and fact, true findings of fact made in the course of the legal determination are entitled to deference by a federal court in habeas corpus proceedings. *Strickland,* 466 U.S. at 698, 104 S.Ct. at 2070; 28 U.S.C. § 2254(d) (1982). This deference is due findings of state appellate courts as well as trial courts. *Sumner v. Mata,* 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981). The finding that the petitioner proved no irreconcilable differences between himself and his attorney is fully supported by the record, and we accept it.

Krist complained about his first appointed attorney and the trial court replaced him. When Krist asked to "waive" his second appointed counsel in order to obtain the services of retained counsel, the court granted his motion. However, out of caution the court directed Mr. Silver to remain in the case and to assist. When Krist did not produce an attorney three weeks later the trial court directed attorney Silver, who was prepared to do so, to represent him. This was not an abuse of discretion. While a defendant in a criminal case is entitled to counsel, there is no absolute right to the services of a particular attorney. The Supreme Court has held that "a defendant must be given a reasonable opportunity to employ and consult with counsel; otherwise, the right to be heard by counsel would be of little worth." *Chandler v. Fretag,* 348 U.S. 3, 10, 75 S.Ct. 1, 5, 99 L.Ed. 4 (1954) (citations omitted). In this case the trial court did not deny petitioner "any opportunity whatever to obtain counsel." *Id.* On the contrary, it granted his motion to be relieved of his appointed coun-

sel, but three weeks later he appeared for trial without having retained an attorney. Furthermore, Krist was not prejudiced by Silver's conduct of the trial. The attorney made numerous motions, and argued them well. He conducted extensive voir dire and made a skillful closing argument in which he emphasized inconsistencies in the State's case and forcefully reminded the jury of the lack of any evidence that a weapon was used in the robberies. He made a legitimate objection to the court's instructions to the jury and requested a poll of the jury after the verdict was read. In short, Krist did have counsel throughout the trial.

### V.

As an additional ground for habeas relief the petitioner argues that the prosecution shifted the burden of proof and indirectly commented upon his failure to testify by refuting Krist's claim of alibi during the State's case in chief. This is a due process claim based on the same trial incident discussed in Part II B. The record does not support this claim. The prosecutor, over Silver's objection, introduced evidence that Krist gave a statement when arrested that he was in the company of three people, whom he named, on the night of the robberies. These three people were called to testify that they were not with Krist on that night. That was the extent of the matter. There was no comment on Krist's failure to testify, and the introduction of the proof outlined above did not have the effect of impermissibly shifting the burden of proof to the defendant.

The judgment of the district court is affirmed.