904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. HESLER, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 89-5448.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Petitioner appeals the denial of his 28 U.S.C. Sec. 2254 motion for a writ of habeas corpus. Because we find no basis for issuance of the writ, we affirm the district court's decision.
 
 I.
 
 2
 On July 22, 1983, Robert Lee Hesler was convicted by a jury in Bracken County, Kentucky Circuit Court of third-degree burglary as defined in Ky.Rev.Stat. 511.040. Hesler had been charged with stealing a bale of barbed wire from a Kentucky barn. He was sentenced to five years in prison.
 
 
 3
 The state's case consisted primarily of the testimony of Illren Keller, an accomplice to the burglary who testified pursuant to a plea agreement. Other state witnesses corroborated parts of Keller's testimony. Hesler testified and denied participating in the burglary.
 
 
 4
 After Hesler's conviction, the trial court held a separate proceeding before the same jury to determine whether Hesler was a first-degree persistent felony offender under Ky.Rev.Stat. 532.080(3). Hesler was found guilty, and his sentence, following the jury's recommendation, was enhanced to twenty years confinement.
 
 
 5
 Hesler's conviction was affirmed by the Kentucky Supreme Court on December 6, 1984.[1] Before that decision was rendered, Hesler had filed a motion in the state trial court to vacate his conviction under Ky.R.Crim.P. 11.42, challenging the impanelment of the jury, charging jury bias, and asserting the unconstitutionality of the convictions underlying his persistent felony offender conviction.[2] At the trial court's July 19, 1985 hearing on his motion, Hesler, who was not permitted to be present, asserted through counsel that his trial attorney's assistance had been ineffective because his counsel failed to move for a directed verdict on the persistent felony offender charge, failed to advise him "of the consequences of certain moves," and otherwise failed "to take certain steps that a reasonably prudent attorney would have taken." The trial court denied Hesler's motion in a July 19, 1985 order. The Kentucky Court of Appeals affirmed that decision, concluding that Hesler alleged insufficient facts to support his claim that his attorney's performance was inadequate.[3]
 
 
 6
 Hesler then filed a 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus with the district court. Among eight grounds for relief, Hesler claimed ineffective assistance of counsel and denial of due process for the Kentucky court's refusal to grant him a new trial after the alleged discovery of new evidence. Respondent Parke filed a motion to dismiss the petition or for summary judgment. On January 12, 1987, the district court adopted a magistrate's recommendation to grant respondent's motion and deny Hesler's petition without conducting a hearing.
 
 
 7
 Hesler appealed that decision to this court, raising, for the first time, an eighth amendment claim. Without addressing the merits of the petition, we remanded the case to the district court for a determination whether Hesler had exhausted his state remedies regarding the eighth amendment issue. The district court found that the eighth amendment claim, which had not been raised in the state courts, was meritless. The court then adopted the magistrate's recommendation to deny Hesler's petition.
 
 
 8
 Hesler appeals the denial. However, he has withdrawn the eighth amendment claim.
 
 II.
 
 9
 "The preliminary or threshold standard by which we review the district court's judgment is de novo, but with complete deference to evidence-supported state court findings of fact." Lundy v. Campbell, 888 F.2d 467, 469 (6th Cir.1989) (citations omitted).
 
 A. Effective Assistance
 
 10
 Hesler appeals the district court's decision rejecting the merits of his effective assistance claim. As an initial matter, Hesler also asserts that the court erred in denying his petition without conducting a hearing on the issue.
 
 
 11
 We do not believe the district court erred in rejecting Hesler's petition without conducting a hearing on Hesler's effective assistance claim. While habeas petitions warrant careful consideration, habeas petitioners are not entitled to a full-blown evidentiary hearing as of right. See Rule 8(a), Rules Governing Section 2254 Cases; Blackledge v. Allison, 431 U.S. 63, 71, 81-82 (1977); Baker v. United States, 781 F.2d 85, 92 (6th Cir.1986), cert. denied, 479 U.S. 1017 (1986).[4] We believe the district court gave careful consideration to Hesler's petition, and could do so based on the record before it. Thus, we turn to the merits of Hesler's appeal.
 
 
 12
 Effective assistance of counsel claims are tested according to the standards announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). The first component of the Strickland test requires that a "defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second requirement, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.
 
 
 13
 We have reviewed the record of the state proceedings against Hesler and conclude that the quality of the representation provided by his counsel was not below an objective standard of reasonableness so as to alter the likely outcome of Hesler's trial. We address Hesler's specific examples of alleged attorney error seriatim.
 
 
 14
 First, Hesler asserts, without offering any particularized rationale therefor, that his trial attorney was deficient in failing to object to the evidence offered to prove the prior convictions upon which his first-degree persistent felony offender charge depended. To put it succinctly, there was no reasonable basis to object to the admissibility of any of Hesler's prior convictions; for counsel to have done so would have been futile and arguably unethical.
 
 
 15
 Second, Hesler asserts that his trial attorney was deficient in failing to challenge the legal sufficiency of evidence to sustain his persistent felony offender conviction. We have examined the evidence and conclude that it is more than sufficient to support the jury's verdict. Counsel's failure to object was, therefore, not objectively unreasonable.
 
 
 16
 Third, Hesler claims that his trial attorney was deficient in failing to object to evidence of a third offense to prove Hesler's persistent felony offender status because only two offenses were needed to convict him under Ky.Rev.Stat. 532.080(3). Even assuming arguendo that counsel might have objected to the third prior conviction as irrelevant or, if relevant, cumulative, and that such failure was unreasonable, "[a] federal court will not overturn a state conviction in habeas corpus proceedings on the basis of an evidentiary ruling unless that ruling has deprived the defendant of some right or privilege under the Constitution." Krist v. Foltz, 804 F.2d 944, 947 (6th Cir.1986) (citations omitted). The trial court's decision to admit evidence of Hesler's third conviction did not deprive Hesler of any constitutional right since he was sentenced within the range permitted for persistent felony offenders.
 
 
 17
 Fourth, Hesler claims that his trial attorney was deficient in failing to object to the trial court's instructions on the persistent felony offender charge. The only inaccuracy in the trial court's instructions was an implied requirement that the jury find Hesler was convicted of three felonies instead of two in order to convict him of being a persistent felony offender. Hesler suffered no prejudice as a result of this error, since the likelihood of acquittal increased with the addition of a conviction the state was actually not obligated to prove.
 
 
 18
 Fifth, Hesler asserts that his trial attorney was deficient in failing to seek a post-trial hearing to determine whether Hesler had suffered a constitutional deprivation related to the composition of the jury and the juror's alleged bias. We agree with the district court's conclusion that there was no merit to Hesler's claims of jury irregularities. The trial court, addressing Hesler's Ky.R.Crim.P. 11.42 motion concerning the composition of the jury panel, granted Hesler continuances to enable his attorney to discover facts to support Hesler's claim. None were produced. The alleged lunchtime encounters between Hesler's jury and one of the sheriffs who briefly testified for the prosecution did not prejudice Hesler since the sheriff denied at trial any direct knowledge of the crime and, to Hesler's benefit, described Hesler's cooperation with the investigation. Hesler did not thus allege an ineffective assistance of counsel claim.
 
 B. Sufficient Evidence
 
 19
 Hesler attacks, under the label of a sufficiency of evidence argument, the state trial court's denial of his motion for a new trial based on newly discovered evidence.[5] Hesler claims the new evidence, discovered after his trial and which consisted of a statement by one Roy Poston that Illren Keller had told him (Poston) that Hesler had not participated in the burglary, would render insufficient the evidence in support of the state's case. Hesler claims he was entitled, at least, to a more thorough hearing on the issue than the one he got at the state level.
 
 
 20
 In reviewing a challenge to the sufficiency of evidence to sustain a criminal conviction, we examine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We also note that:
 
 
 21
 A motion for new trial on the basis of newly discovered evidence in a criminal trial will not be granted ordinarily unless the newly discovered evidence is of such a nature that it will probably result in an acquittal on a retrial. A trial judge's finding that the newly discovered evidence is not of such a nature to demand a new trial will not be disturbed on appeal unless a clear abuse of discretion is shown.
 
 
 22
 United States v. Allen, 748 F.2d 334, 337 (6th Cir.1984).
 
 
 23
 We do not believe the Kentucky trial court abused its discretion in denying Hesler's motion for a new trial because Hesler's new evidence would not likely have resulted in an acquittal. "[E]vidence that would impeach the chief prosecution witness is an insufficient basis for a new trial based on newly discovered evidence." Allen, 748 F.2d at 337. In all events, we believe that a rational juror who had heard the new evidence could nevertheless find, beyond a reasonable doubt, that Hesler committed third-degree burglary, as defined by Kentucky in Ky.Rev.Stat. 511.040. The district court thus did not err in denying Hesler's habeas petition without conducting a hearing on this ground.
 
 III.
 
 24
 For the foregoing reasons, the district court's denial of Hesler's petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 is AFFIRMED.
 
 
 
 [1]
 On direct appeal, Hesler argued only that the trial court erred in not instructing the jury on criminal facilitation (a lesser offense of his burglary charge); that there was insufficient evidence to sustain his persistent felony offender conviction; and that he was entitled to a new trial based on newly discovered evidence. Only these last two arguments were revived in his habeas petition with the district court
 
 
 [2]
 Ky.R.Crim.P. 11.42 gives Kentucky convicts one chance to collaterally attack their conviction in the trial court
 
 
 [3]
 The Kentucky Court of Appeals stated:
 The claim that appellant's trial counsel did not move for a directed verdict was refuted by the Commonwealth attorney who had participated in the trial. In addition, the appellant did not produce any evidence that his trial counsel did, in fact, make such an omission.
 The appellant also did not allege any particular instances where his trial counsel did not apprise him of the consequences of various actions or that the trial counsel improperly made or failed to make certain steps during the trial.
 The court also ruled that Hesler's challenge to the convictions underlying his persistent felony offender conviction was inappropriately raised in a post-conviction proceeding and that his new claim of jury bias could not be raised for the first time on appeal. It also held that Hesler was not entitled to be present at the hearing on his Ky.R.Crim.P. 11.42 motion because his presence was not necessary for a proper investigation of any of the allegations in his motion.
 
 
 [4]
 Citing Wainwright v. Sykes, 433 U.S. 72 (1977), Hesler asserts that he was entitled to an evidentiary hearing in the district court on his effective assistance claim in order to show that attorney incompetence was the cause of state procedural defaults that prejudiced him and acted as a bar to federal habeas review of the merits of his petition. But, the Kentucky Court of Appeals rejected Hesler's effective assistance claim on its merits. The court found insufficient facts to support Hesler's claim. Therefore, Hesler is not entitled to a "cause" and "prejudice" hearing under Sykes as interpreted by this court in Hockenbury v. Sowders, 620 F.2d 111 (6th Cir.1980), cert. denied, 450 U.S. 933 (1981)
 
 
 [5]
 The Supreme Court of Kentucky rejected Hesler's argument on direct appeal that the trial court abused its discretion in denying his motion for a new trial. The court stated that Hesler was not entitled to another trial because his new evidence was merely "cumulative defense evidence."