34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earnest CONNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3137.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 1
 Before: GUY and BOGGS, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Earnest Conner appeals pro se from a district court judgment denying a motion to vacate his sentence that was filed under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, a jury convicted Conner of aiding and abetting, money laundering, possessing cocaine for intended distribution and engaging in a continuing criminal enterprise. He was sentenced to an aggregate term of 400 months of imprisonment and 5 years of supervised release. This court subsequently affirmed Conner's convictions and sentence on direct appeal.
 
 
 4
 In his Sec. 2255 motion, Conner alleged that he was denied the effective assistance of counsel and due process of law at sentencing. He alleged that his presentence investigation report ("PSI") contained controverted information which was not clarified by the sentencing court or effectively challenged by counsel under Fed.R.Crim.P. 32. Conner also alleged that he was unfairly denied a sentencing reduction for acceptance of responsibility. On January 18, 1994, the district court adopted a magistrate judge's recommendation and dismissed the case. It is from this judgment that Conner now appeals.
 
 
 5
 To establish ineffective assistance of counsel, Conner must show that trial counsel's performance was deficient and that there is a reasonable probability that the result of his case would have been different were it not for counsel's unprofessional errors. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Conner now argues that counsel did not effectively challenge inaccurate information in his PSI or compel the sentencing court to make written findings regarding the disputed information. In particular, he alleges only that there was insufficient evidence to prove that he had acted in a managerial role or that he had enlisted the assistance of a minor in distributing drugs. However, counsel made vigorous and sensible arguments regarding these alleged errors. Counsel also objected to other portions of the PSI. Therefore, counsel's performance was not ineffective by virtue of his alleged failure to object to the PSI.
 
 
 6
 Conner also alleged that counsel failed to compel the sentencing court to make written findings on his objections. This argument lacks merit because the court clearly stated its findings regarding the disputed portions of the PSI at the sentencing hearing. Thus, the sentencing transcript reveals that counsel had no need to press the court for additional findings. Since counsel's performance was not deficient in the constitutional sense, the district court properly found that Conner had not been denied the effective assistance of counsel without determining whether Conner had been prejudiced by counsel's alleged errors. See Krist v. Foltz, 804 F.2d 944, 947 (6th Cir.1986).
 
 
 7
 Conner's claim that he was denied due process of law is also lacking in merit. Conner argues that the sentencing court did not ask him whether he had read and discussed the PSI with counsel and whether he wished to challenge any of the facts in the report. However, the court did afford Conner an opportunity for allocution, which he declined. Moreover, all of the specific objections to the PSI that Conner now raises were argued on his behalf by counsel and considered by the court before sentencing. Conner also argues that the court violated Rule 32(c)(3)(D) because it did not make written findings regarding the disputed matters in his PSI. However, the sentencing transcript provides an adequate record of the court's rulings. See United States v. Rodriguez-Luna, 937 F.2d 1208, 1212-13 (7th Cir.1991).
 
 
 8
 Conner argues that he was entitled to a sentencing reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. He alleges that he was improperly denied this reduction because he went to trial rather than pleading guilty. However, Conner has identified no specific factor that would justify a Sec. 3E1.1 reduction in his case. Second, there is nothing in the sentencing transcript to indicate that Conner was penalized because he refused to plead guilty. Instead, the record shows that defense counsel argued for a Sec. 3E1.1 reduction and that the sentencing court rejected these arguments because Conner had absconded prior to trial.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation