37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clifford EATON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5046.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Eaton appeals an order dismissing a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Clifford Scott Eaton was convicted after a guilty plea of knowingly and with intent to defraud possessing no fewer than 15 counterfeited and unauthorized access devices, in violation of 18 U.S.C. Sec. 1029(a)(3). Eaton received a 28 month sentence and did not take a direct appeal.
 
 
 3
 In 1993, Eaton filed a Sec. 2255 motion to vacate in which he challenged the constitutionality of his sentence only. The district court sua sponte dismissed the motion pursuant to Rule 4, Rules Governing Section 2255 Proceedings, and this appeal followed. The parties have briefed the issues; Eaton is proceeding without benefit of counsel. In addition, Eaton moves for the appointment of appellate counsel.
 
 
 4
 Eaton raised four claims in his Sec. 2255 motion; on appeal, he abandoned one of these claims. An examination of the remaining three claims does not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 In 1992, Eaton was apprehended in possession of at least seventy-seven fraudulently obtained credit cards with which, by his own estimate and stipulation, he used to bilk the issuers out of at least $50,000. Eaton was subsequently indicted and entered into a plea agreement. (One of the agreement's provisions is Eaton's promise not to mount a collateral attack upon this judgment and conviction. The parties, however, have not raised or challenged that provision in this proceeding.) The district court ultimately sentenced Eaton at the low end (28 months) of the guideline range (27-33 months). In addition, the court directed Eaton to perform 100 hours of community service in lieu of a fine and to make restitution in the amount of $50,000.
 
 
 6
 Eaton's first two appellate contentions address the merits of his sentence. He specifically claims that the district court lacked the authority to impose community service in place of a fine and that the order of restitution was invalid for want of authority and exact findings as to victims and loss. It is initially noted that Eaton did not raise his first or second appellate claim on direct appeal from his conviction, although he could have done so. It is clear that a Sec. 2255 motion to vacate will not serve as a substitute for direct appeal. Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976). Claims that could have been raised on direct appeal but were not will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Frady applies to a petitioner who has pleaded guilty and first raises challenges to his conviction in a collateral attack. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). As Eaton has not shown any cause and prejudice, and because none otherwise exists, these claims may not be considered in this forum.
 
 
 7
 Eaton fares no better even if we were to examine the merits of these two claims. His contention that the district court had no power to substitute community service for a fine is directly contradicted by the plain language of U.S.S.G. Sec. 5E1.2(f). See United States v. Nelson, 918 F.2d 1268, 1275 n. 9 (6th Cir.1990). Eaton contends that his stipulation as to the amount of loss was carefully circumscribed as to its usage, that is, it was only intended to be used for "guideline calculation purposes" and not total victim loss, and that no other fact points to actual amount of loss. In fact, every indication in the record is that Eaton admitted to charging approximately $50,000 on the cards to a law enforcement official. He apparently conceded as much during the preparation of the presentence report in an effort to expedite sentencing and there is no restriction or other designation of usage apparent on the record.
 
 
 8
 Eaton's final claim is that he received ineffective assistance of counsel. This allegation is based solely on the unfounded claim that his counsel was deficient for not advancing the preceding contentions at sentencing and on appeal. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-60 (1985). The two preceding claims are, as noted, demonstrably meritless. Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). The appeal is meritless.
 
 
 9
 Accordingly, the motion for the appointment of counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.