51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles M. PERRY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1500.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Charles M. Perry appeals pro se from a district court judgment denying his motion to vacate, set aside or correct his sentence that was filed under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1988, a federal jury convicted Perry of conspiracy to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. On July 12, 1989, the district court sentenced him to 300 months of imprisonment and three years of supervised release. This court affirmed Perry's conviction and sentence on direct appeal. United States v. Perry, 908 F.2d 56 (6th Cir.), cert. denied, 498 U.S. 1002 (1990).
 
 
 4
 In his Sec. 2255 motion, Perry alleged that he received ineffective assistance of counsel at trial because his attorney did not: 1) investigate the facts of his case; 2) object to evidence regarding conspiracies in which he did not participate; 3) advise him of his right to testify; 4) discuss the case with him or discover favorable witnesses; 5) move for a hearing on the scope of his participation in the conspiracy; or 6) seek laboratory testing to show the similarity between cocaine powder and cocaine base. Perry also raised a seventh claim in a supplemental motion, in which he alleged that his sentencing was improper because his offense was committed before the effective date of an amendment to 21 U.S.C. Sec. 846. The district court denied the Sec. 2255 motion on April 25, 1994, and it is from this judgment that Perry now appeals. He also moves for pauper status on appeal.
 
 
 5
 The appellee has filed a motion to dismiss the appeal based on the district court's certification that it is not taken in good faith, under 28 U.S.C. Sec. 1915(a). While Perry's appeal is ultimately unavailing, the appellee's motion will be denied because Perry's claims do have an arguable basis in law and in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 As an initial matter, we note that Perry has not raised any arguments on appeal regarding the six ineffective assistance of counsel claims that were raised in his original motion to vacate. He has, therefore, abandoned these claims for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 In his one remaining claim, Perry alleged that his sentencing was improper because his offense was committed before the effective date of an amendment to 21 U.S.C. Sec. 846. This amendment imposed the same mandatory minimum sentence for a conspiracy crime that was prescribed for the underlying offense. To obtain collateral relief, Perry must show cause and prejudice that would excuse his failure to raise this claim on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). He now attempts to establish cause by arguing that he received ineffective assistance of counsel.
 
 
 8
 To establish ineffective assistance of counsel, Perry must show that his trial counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Counsel's performance was not deficient in the present case because there is no indication that the trial court applied a mandatory minimum in sentencing Perry. Instead, the court properly sentenced Perry within the range that was prescribed by the sentencing guidelines, and the sentence that Perry received exceeded the mandatory minimum that was prescribed in the amended statute. Thus, the performance of Perry's counsel was not deficient because the mandatory minimum sentence that Perry now disputes was not relevant to his case. Since counsel's performance was not deficient in a constitutional sense, the district court properly found that Perry had not been denied the effective assistance of counsel without specifically determining whether he had been prejudiced by the alleged errors. See Krist v. Foltz, 804 F.2d 944, 947 (6th Cir.1986). Perry's failure to make a sufficient showing regarding cause independently precludes review of his sentencing claim on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986).
 
 
 9
 Finally, we note that the district court did not abuse its discretion by denying Perry's motion without an evidentiary hearing, as Perry did not allege specific facts that would have provided a basis for relief if they were proven at the hearing. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 10
 Accordingly, the appellee's motion to dismiss is denied, Perry's motion for pauper status is granted and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation