89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Lamont JOHNSON, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6252.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1996.
 
 1
 Before: KENNEDY and CONTIE, Circuit Judges; GRAHAM, District Judge.*
 
 ORDER
 
 2
 Joseph Lamont Johnson Jr., proceeding pro se, appeals a district court judgment denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a three count indictment, the government charged Johnson with conspiring to rob a bank, robbing a federally insured bank, and use of a weapon during a violent offense. Subsequently, Johnson pleaded guilty to robbing a federally insured bank in violation of 18 U.S.C. §§ 371 and 2113(d) and 2 (count two), as well as use of a firearm in violation of 18 U.S.C. § 924(c) (count three). In exchange for the plea, the government dismissed count one. Johnson was sentenced to 84 months of imprisonment. Johnson did not appeal his conviction or sentence.
 
 
 4
 In his motion to vacate and an amended motion, Johnson argued that: 1) the government breached his plea agreement; and 2) counsel rendered ineffective assistance. The district court denied the motion as without merit.
 
 
 5
 Johnson has filed a timely appeal, essentially reasserting his same claims. He also moves to proceed in forma pauperis on appeal.
 
 
 6
 Upon review, we conclude that the district court properly denied the motion to vacate. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Nor does it reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993). The government did not breach Johnson's plea agreement as the record reflects that he agreed to plead guilty to counts two and three of his indictment. See Mabry v. Johnson, 467 U.S. 504, 510-11 (1984). In addition, counsel rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984). Counsel was not required by the Constitution to file a direct appeal challenging the government's alleged breach of Johnson's plea agreement because, as stated above, that argument is frivolous. See Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986).
 
 
 7
 Accordingly, we grant Johnson pauper status for the limited purpose of this appeal, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation