92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ferdinand PERCY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4075.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Ferdinand Percy, proceeding pro se, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Percy pleaded guilty to conspiracy to possess cocaine in violation of 21 U.S.C. § 846, and was sentenced to 72 months of imprisonment and five years of supervised release. Percy did not appeal his conviction or sentence.
 
 
 4
 In his motion to vacate and memorandum in support, Percy argued that: 1) the district court erred when it set his base offense level at 34; 2) the district court erred when it enhanced his offense level for possession of a .38 caliber revolver; 3) the government improperly withheld exculpatory evidence; and 4) counsel rendered ineffective assistance because she did not challenge the amount of drugs attributed to Percy in the presentence investigation (PSI) report and because she negotiated a plea agreement which resulted in Percy receiving a longer sentence than he should have received. Upon review, the district court denied the motion as without merit.
 
 
 5
 Percy has filed a timely appeal, reasserting his claims enumerated 1, 2 and 4. Percy also asserts that counsel rendered ineffective assistance by not filing a motion to suppress and because counsel did not file a direct appeal.
 
 
 6
 Initially, we note that Percy does not raise on appeal his argument that the government withheld exculpatory evidence. Thus, we will consider this issue abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 We also note that Percy did not raise the two new instances of alleged ineffective assistance of counsel in the district court. Unless exceptional circumstances are present, we normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case. Thus, we will not address these arguments.
 
 
 8
 Upon review, we conclude that the district court properly denied the motion to vacate for the reasons stated in its memorandum opinion filed August 24, 1995. The record does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Nor does it reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993).
 
 
 9
 The district court properly set Percy's base offense level at 34 because the plea agreement clearly establishes that Percy stipulated that his base offense level would be 34. In addition, the factual findings contained in the PSI, concerning the amount of drugs attributable to Percy, were consistent with the provisions of the plea agreement. Likewise, the district court properly enhanced Percy's offense level for possession of a firearm because Percy voluntarily stipulated to a two-level enhancement for possession of a .38 caliber revolver.
 
 
 10
 Finally, counsel rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As stated above, the record reflects that Percy stipulated that his offense level would be 34, and that the information contained in the PSI was consistent with this provision in the plea agreement. Thus, counsel was not required to challenge the district court's determination that Percy's base offense level would be set at 34 because the claim is frivolous. See Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). In addition, a review of the plea agreement clearly establishes that counsel rendered effective assistance during the plea negotiations.
 
 
 11
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation