**Billy Joe RICHARDS, Petitioner–
Appellant,**

v.

**George MILLION, Warden,
Respondent–Appellee.**

No. 02–6277.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2003.

Before DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

### ORDER

This pro se Kentucky state prisoner appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Billy Joe Richards pleaded guilty to murder in violation of Ky.Rev. Stat. § 507.020, first-degree burglary in violation of Ky.Rev.Stat. § 511.020, attempted first-degree rape in violation of Ky.Rev.Stat. § 510.040, and theft by unlawful taking over $300 in violation of Ky. Rev.Stat. § 514.030. Richards was seventeen years old when he committed the crimes. The state trial court imposed an aggregate sentence of life imprisonment without the possibility of parole for twenty-five years. Richards did not appeal.

Approximately two years later, Richards moved the trial court to set aside his sentence pursuant to Ky. R. Cr. 11.42. He argued that: 1) he should have been sentenced as a youthful offender, and not as an adult; 2) the trial court improperly imposed sentence prior to the submission of his presentence investigation report; and 3) trial counsel rendered ineffective assistance because counsel did not act on the preceding two purported errors and also failed to inform him that a jury could decide his punishment pursuant to Ky. R. Cr. 9.84. The trial court denied Richards's motion and the Kentucky Court of Appeals affirmed the trial court's judgment. The Kentucky Supreme Court denied discretionary review.

In his petition for a writ of habeas corpus, Richards reasserted that he was improperly tried as an adult and that he did not receive a presentence investigation report. With respect to his ineffective assistance of counsel claim, however, Richards claimed that trial counsel rendered ineffective assistance by failing to adequately investigate the facts of Richards's case and by not assuring that Richards knowingly and voluntarily pleaded guilty. The district court held that there was a procedural bar to Richards's claim regarding his trial as an adult or for his lack of a presentence investigation. Nevertheless, the court examined the merits of Richards's claim and concluded that trying Richards as an adult was neither contrary to federal law nor an unreasonable application of clearly established federal law. The district court also concluded that Richards did enjoy the benefit of a presentence investigation before final judgment was entered. Finally, the district court held that Richards's ineffective assistance claim was barred in that it was not presented to the trial court in Richards's original collateral attack on sentence. Richards appeals that

judgment. The district court granted Richards a certificate of appealability as to all issues.

In his timely appeal, Richards asserts that: 1) counsel rendered ineffective assistance by failing to adequately investigate the facts of his case; and 2) the district court abused its discretion in summarily denying his habeas petition.

Initially, we note that Richards has abandoned his claims that he was improperly tried as an adult and that he did not receive a presentence investigation report. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

■ Secondly, we note that Richards's ineffective assistance claim is barred in that it was not presented to the trial court in Richards's original state-court collateral attack on sentence. In his original state-court collateral attack, Richards claimed that counsel erred in failing to object when he was sentenced as an adult, rather than a youthful offender, and when the trial court entered final sentence without the benefit of a presentence investigation report. In his petition for a writ of habeas corpus, however, Richards claimed that counsel rendered ineffective assistance by failing to adequately investigate the facts of his case. To the extent that Richards's habeas claim was not fully and fairly presented to the state court, it cannot be presented in a federal habeas proceeding. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Nevertheless, to the extent that Richards's habeas claim might be construed as the same claim he presented in his state-court collateral challenge to sentence, we analyze the claim below.

In the appeal of a habeas corpus decision under § 2254, legal conclusions are reviewed de novo and findings of fact are reviewed for clear error. *DeLisle v. Rivers,* 161 F.3d 370, 380 (6th Cir.1998). Richards's petition was filed in November 2001. Its review, therefore, is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 as they apply to § 2254. *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000). The relevant section of § 2254(d) provides that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) was contrary to clearly established Federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from

the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Upon review, we conclude that Richards's ineffective assistance of counsel claim is meritless. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McQueen v. Scroggy*, 99 F.3d 1302, 1310–11 (6th Cir.1996). In a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Richards claims that counsel erred by failing to object when he was sentenced as an adult, rather than a youthful offender, and when the trial court entered final sentence without a presentence investigation. Richards also claims that counsel erred by allowing the trial court to sentence him in violation of Ky. R. Cr. 9.84.

■ Counsel did not err by failing to object when Richards was sentenced as an adult. The determination required by Kentucky's transfer statute to certify a youthful offender for trial as an adult ensures individualized consideration of the defendant's maturity. Ky.Rev.Stat. § 635.020(2). Richards received such individualized consideration before being held to stand trial as an adult. If the transferred youthful offender pleads guilty, as Richards did, he is subject to the same sentence as an adult. Ky.Rev.Stat.

§ 640.030. The Kentucky Court of Appeals held that there was no error, and that counsel's failure to object to the proper ruling of the trial court could not constitute ineffective assistance. That court's analysis is consistent with the *Strickand* analysis. Counsel is not required to raise frivolous defenses or arguments to avoid a charge of ineffective representation. *Krist v. Foltz*, 804 F.2d 944, 946–47 (6th Cir. 1986).

The record belies Richards's claim that the trial court sentenced him without the benefit of a presentence investigation. Sentencing in Richards's case was continued until the presentence investigation was received by the court.

■ Finally, Richards's claim that counsel erred by allowing the trial court to sentence him in violation of Ky. R. Cr. 9.84 is meritless. Even if one assumes that counsel failed to inform Richards that he could request that a jury set his sentence, *see* Ky. R. Cr. 9.84, Richards cannot show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59, 106 S.Ct. 366. Richards indicated in his guilty plea colloquy with the trial judge that he knew the trial court would impose his sentence, he was aware that the Commonwealth had recommended a sentence on a plea of guilty, and that he was satisfied with the services he had received from his attorney. The Kentucky Court of Appeals cited *Russell v. Commonwealth*, 992 S.W.2d 871, 874 (1999), in its analysis of Richards's claim. That case applies the *Hill v. Lockhart* standard for determining prejudice in a guilty plea context. *Id.*

In summary, the Kentucky Court of Appeals decision is neither contrary to clearly established federal law nor an unreasonable application of clearly established federal law. Accordingly, we hereby affirm

the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion and order of September 16, 2002.