Alan **HIGHTOWER**, Petitioner–Appellant,

v.

**UNITED STATES** of America, Respondent–Appellee.

No. 03–1828.

United States Court of Appeals, Sixth Circuit.

June 18, 2004.

Alan Hightower, Milan, MI, pro se.

Jennifer J. Peregord, U.S. Attorney's Office, Detroit, MI, for Respondent–Appellee.

Before: SILER, COLE, and ROGERS, Circuit Judges.

### ORDER

Alan Hightower, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 22, 2001, Hightower pleaded guilty to the charges of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and using and carrying a firearm during a crime of violence, aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. On April 26, 2001, the district court sentenced Hightower to thirty-three months of imprisonment on the bank robbery conviction and eighty-four months of imprisonment on the firearm conviction. The judgment of conviction was entered on May 2, 2001. Hightower did not appeal. Thus, his conviction became final on May 13, 2001. *See Clay v. United States,* 537 U.S. 522, 524, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

On September 16, 2002, Hightower moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255 claiming that his attorney rendered ineffective assistance by failing to object to what Hightower considers duplicative sentencing on the firearm conviction. The district court, without requesting a response from the government, denied Hightower's motion on the merits and granted Hightower a certificate of appealability with respect to his claim that counsel rendered ineffective assistance.

On appeal, Hightower reasserts his claim.

Initially, we note that Hightower's motion to vacate sentence was not filed within the one-year limitation period provided by 28 U.S.C. § 2255 (¶ 6). Nevertheless, we assume, without deciding, that equitable tolling excuses Hightower's belated motion to vacate sentence, *see Dunlap v. United States,* 250 F.3d 1001, 1004–05 (6th Cir. 2001), and affirm the district court's judgment on the merits.

In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999). We review Hightower's ineffective assistance of counsel claim de novo and examine the district court's factual findings for clear error. *Nagi v. United States,* 90 F.3d 130, 134 (6th Cir.1996).

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hightower claims that trial counsel was ineffective for failing to object at sentencing on the ground of "double counting" because he was sentenced separately for the firearm conviction and also subjected to a sentencing guideline enhancement for the same weapon on the bank robbery conviction. The record, however, belies Hightower's claim.

The record reveals that no "double counting" occurred because Hightower was not subjected to a sentencing guideline enhancement for the same weapon on the bank robbery conviction. The presentence investigation report prepared in contemplation of sentencing applied USSG § 2B3.1 to Hightower's bank robbery offense and arrived at a base offense level of twenty. Hightower's guideline range was increased by two levels pursuant to § 2B3.1(b)(1) because the property of a financial institution was taken, and increased by one further level pursuant to § 2B3.1(b)(7)(B) because the loss to the bank was more than $10,000. Thus, Hightower's offense level was twenty-three. The district court granted Hightower a three-level adjustment for his acceptance of responsibility bringing the final guideline level to a level twenty, with a resulting sentencing range of thirty-three to forty-one months of imprisonment. The district court sentenced Hightower to thirty-three months of imprisonment. The district court did not apply any weapons enhancement to Hightower's bank robbery conviction. Therefore, Hightower's "double counting" claim is frivolous, and counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation. *See Krist v. Foltz*, 804 F.2d 944, 946–47 (6th Cir.1986).

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.