56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kenneth David JONES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2346.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 Before: KENNEDY, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 Kenneth David Jones appeals pro se from a district court judgment that denied a motion to vacate, correct or set aside his sentence under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Jones pleaded guilty to aiding and abetting mail fraud, in violation of 18 U.S.C. Secs. 1341 and 2. His presentence report indicated a sentencing range of 41 to 51 months of imprisonment. However, Jones fled the jurisdiction prior to sentencing. Thus, the trial court added two points to Jones's total offense level for obstruction of justice under USSG Sec. 3C1.1, which resulted in a sentencing range of 51 to 63 months. On October 8, 1993, the court sentenced Jones to the statutory maximum of 60 months of imprisonment as well as 3 years of supervised release. His conviction and sentence were affirmed on direct appeal.
 
 
 3
 In his Sec. 2255 motion, Jones alleged that the trial court had made an unwarranted upward departure from the sentencing range and that he had been denied effective assistance of counsel. The district court denied his motion on November 3, 1994, and it is from this judgment that Jones now appeals.
 
 
 4
 Relief is appropriate on Jones's nonconstitutional claim under the sentencing guidelines only if the record reflects an egregious error that violates due process or a fundamental defect resulting in a complete miscarriage of justice. See Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Relief is appropriate on his ineffective assistance of counsel claims only if they rise to the level of constitutional violations which had "a substantial and injurious effect or influence" on the proceedings. Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); Vines v. United States, 28 F.3d 1123, 1130 (11th Cir. 1994).
 
 
 5
 To obtain review of his sentencing guidelines claim under Sec. 2255, Jones must show cause and prejudice that would excuse his failure to raise that claim on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Jones has not made any attempt to establish cause, and his failure to do so independently precludes review of his claim on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986). Nevertheless, we note that Jones was not prejudiced as his claim regarding an unwarranted upward departure clearly lacks merit.
 
 
 6
 Jones attached a plea agreement to his initial brief, which indicated that his sentence would not exceed 30 months of imprisonment. He argued that the trial court was required to give him an opportunity to withdraw his plea before imposing a greater sentence. This argument fails because the plea agreement that Jones attached to his brief is not the same agreement that was signed by the parties. The plea agreement that was entered into the record does not bind the court or the parties to a specific sentencing range. It merely provides that Jones's sentence will not exceed the sentencing guidelines.
 
 
 7
 Jones now argues that his sentence violated the plea agreement because it exceeded the sentencing range that was anticipated by the presentence report. This argument lacks merit because that report had already been prepared when the trial court imposed the two-point increase in Jones's offense level for obstruction of justice. See USSG Sec. 3C1.1. In the absence of plain error, Jones has waived any challenge that he might have to this increase by failing to object to it at sentencing. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir. 1993). The court did not commit plain error here, as Jones clearly obstructed justice by misrepresenting his true identity and by fleeing to avoid his sentencing hearing. See United States v. Crousore, 1 F.3d 382, 384-85 (6th Cir. 1993).
 
 
 8
 To establish ineffective assistance of counsel, Jones must show that his attorney's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Jones now argues that his attorney did not protect his constitutional rights regarding the plea agreement that is attached to his brief. As noted above, this document was not the basis of Jones's rearraignment or sentencing. Thus, counsel's failure to argue for its enforcement was not deficient, and the district court properly found that Jones had not been denied the effective assistance of counsel without determining whether he had been prejudiced by the alleged error. See Krist v. Foltz, 804 F.2d 944, 947 (6th Cir. 1986).
 
 
 9
 Jones also alleged that counsel failed to consult with him regarding the presentence report and failed to object when the district court erroneously calculated his criminal history category at level V. Jones has abandoned this claim by failing to raise it in his initial brief on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir. 1986). Nevertheless, we note that the sentencing judgment clearly indicates a criminal history category of IV, as anticipated by the presentence investigation report.
 
 
 10
 Jones now argues that the sentencing judgment shows that his total offense level is only 18, and that counsel should have objected because his sentence exceeded the range that is prescribed for that offense level in combination with a criminal history category of IV. We will not review this claim because it was not effectively presented to the district court in Jones's Sec. 2255 motion. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993). Nonetheless, we note that the two-level increase for obstruction of justice was not recorded on the sentencing judgment due to a typographical error. Despite this error, the judgment properly indicates a range of 51 to 63 months of imprisonment, as prescribed by the guidelines for a defendant, like Jones, who has been determined to have a criminal history category of IV and a total offense level of 20.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.