14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Barry BOYD, Defendant-Appellant.
 No. 93-5202.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1993.
 
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Barry Boyd challenges the district court's denial of his motion to suppress evidence. For reasons stated hereafter, we affirm.
 
 Background
 
 2
 On January 4, 1992, two Memphis police officers were patrolling a neighborhood while searching for a suspect in a number of recent burglaries who was described as a "male black, light skinned with bug eyes who always wore bluejeans and arrived and left on foot." At approximately 9:00 p.m., the officers approached a black male (later identified as Boyd) matching the aforementioned description, walking eastbound, and the officers asked him for identification. Boyd immediately began denying that he had done anything. Wearing gloves, Boyd took off his right glove and started to reach into his jacket, when the officers told him to keep his hands where they could see them.
 
 
 3
 Boyd failed to produce any identification, but indicated he lived in a house at 3642 Allandale. When the officers told Boyd they had already passed the house at that address, Boyd changed his story and stated he lived at 3640 Allandale. The officers asked Boyd to accompany them to that residence to confirm his statement. Upon knocking on the door at 3640 Allandale, a man opened the door, and Boyd asked if his little girl was there. The man stated that he had never seen Boyd before and that there must be some mistake.
 
 
 4
 At this point, the officers put Boyd's hands on the wall and began to pat him down. When the officers asked Boyd if he had a weapon, Boyd replied that he had an unloaded pistol. Boyd once again started to reach into his jacket to retrieve the pistol. The officers placed his hand back against the wall and stated they would get the gun. Upon retrieving the gun, the officers found that it was a loaded, .32 caliber revolver. The officers arrested Boyd for unlawful possession of a concealed weapon.
 
 
 5
 Following indictment, Boyd filed a motion to suppress the evidence obtained as a result of his patdown by the officers. After his motion was denied, Boyd entered a conditional plea of guilty to one count of the indictment, unlawful possession of the .32 caliber pistol.
 
 Discussion
 
 6
 A district court's decision on a motion to suppress evidence is reviewed under two standards. First, a district court's findings of fact are upheld unless clearly erroneous. United States v. Leake, 998 F.2d 1359, 1362 (6th Cir.1993). Second, the district court's legal conclusion that probable cause existed is reviewed de novo. Id.
 
 
 7
 To lawfully stop a suspect without a warrant, the police must have a "reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." United States v. Place, 462 U.S. 696, 702 (1983); see also Terry v. Ohio, 392 U.S. 1, 21-22 (1968). "In determining which suspicions are 'reasonable and articulable,' courts are directed to consider the totality of the circumstances." United States v. Knox, 839 F.2d 285, 289 (6th Cir.1988) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)), cert. denied, 490 U.S. 1019 (1989). In other words, all of the circumstances surrounding the actions of the suspected wrongdoer are to be taken into consideration when determining whether an articulable suspicion is present. Id. at 290. Further, "a pattern of suspicious behavior need only be recognizable by one 'versed in the field of law enforcement.' " Id. (quoting Cortez, 449 U.S. at 418).
 
 
 8
 In order to justify the search of an individual, an "officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Terry, 392 U.S. at 27. When determining the reasonableness of the officer's search, "due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Id. (internal quotations omitted).
 
 
 9
 Boyd argues the officers did not have sufficient justification under the circumstances to stop and search him. According to Boyd, the description of the burglary suspect could have easily fit a large number of people in the patrolled area and the officers did not have any articulable suspicions that Boyd was the burglary suspect in question.
 
 
 10
 The government claims the officers had reasonable suspicions under the totality of circumstances in this case to stop, search and arrest Boyd.
 
 
 11
 Under the totality of circumstances, the officers were justified in making an investigatory stop of Boyd. He fit the description of a suspect in a recent spree of burglaries in the area. When the officers made a simple request to see some identification, he immediately denied any wrongdoing. He gave the officers two false addresses, one he had just walked by and the other a house whose resident denied ever seeing him. The officers had a "reasonable, articulable suspicion" that Boyd had been, or was about to be, engaged in criminal activity. See Place, 462 U.S. at 702.
 
 
 12
 Under these circumstances, with due deference to the reasonable inferences the officers were entitled to draw based on their law enforcement experiences, the officers had sufficient justification to search Boyd. As the Supreme Court has aptly stated:
 
 
 13
 [W]e cannot blind ourselves to the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest. When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.
 
 
 14
 Terry, 392 U.S. at 24. In sum, Boyd's suspicious behavior, coupled with the fact that he fit the description of a burglary suspect, justified the officers' stop and search of Boyd. The discovery of the gun, a controlled weapon, provided probable cause for his arrest.
 
 
 15
 The district court properly denied Boyd's motion to suppress evidence as the officers had a reasonable and articulable suspicion to make a Terry stop, and had further reasonable suspicion to search Boyd based on a reasonable belief that the safety of the officers or others was in danger.
 
 
 16
 AFFIRMED.