81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barry BOYD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5880.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1996.
 
 Before: KRUPANSKY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Boyd requests in forma pauperis status on appeal and moves for the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Barry Boyd was convicted in 1992. At that time, he reserved the right to appeal the denial of his suppression motion and entered a conditional plea of guilty for possessing a firearm after a conviction of a felony under 18 U.S.C. § 922(g) and enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court sentenced Boyd to 220 months in prison and three years of supervised release. Boyd appealed on the basis that the district court improperly denied his suppression motion. On direct appeal, this court held that Boyd's suppression motion was properly denied and affirmed the district court's judgment. United States v. Boyd, No. 93-5202, 1993 WL 533501 (6th Cir. Dec. 21, 1993) (per curiam). In December of 1994, Boyd filed a motion to vacate sentence. In his motion to vacate sentence, Boyd claimed that: 1) he did not voluntarily plead guilty; 2) he did not receive effective assistance of counsel; and 3) the district court misapplied the Sentencing Guidelines. The district court denied Boyd's motion to vacate sentence sua sponte. Boyd appeals that judgment.
 
 
 3
 In his timely appeal, Boyd essentially reasserts claims enumerated 1 and 2 that he set forth in the district court. Boyd does not reassert on appeal the third claim that the district court misapplied the Sentencing Guidelines. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 4
 In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate).
 
 
 5
 Boyd is barred from seeking relief on his first claim. This claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Boyd must demonstrate cause and prejudice to excuse his failure to raise the claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Boyd can show no prejudice as his claim is without merit for the following reasons.
 
 
 6
 Boyd essentially claims that his attorney improperly convinced him to plead guilty, he was not advised of the maximum and minimum penalties for his offense, and he was not advised of the right to appeal his sentence. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970). The district court noted that Boyd had already litigated this issue when he tried to withdraw his guilty plea. In its order denying Boyd's motion to withdraw his guilty plea, the district court found that Boyd had signed a written plea agreement, which specifically provided for a fifteen year minimum sentence. The court also found that Boyd stated that he had signed the plea agreement freely and voluntarily and that he understood that the minimum sentence was a mandatory fifteen years. Given these explicit findings, it is clear that Boyd's guilty plea represented a voluntary and intelligent choice among the alternatives. See North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 7
 Boyd was not denied effective assistance of counsel. Boyd contends that his attorney was ineffective in two ways. First, Boyd argues that his attorney urged him to plead guilty because Boyd's wife would be prosecuted for an unrelated crime if he did not. Second, Boyd argues that his attorney was ineffective because he did not object to the enhancement of Boyd's sentence pursuant to 18 U.S.C. § 924(e). To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689.
 
 
 8
 Boyd's first example of his attorney's deficient performance is meritless. The district court specifically noted that Boyd stated at the guilty plea hearing that he had not been subjected to any pressure to plead guilty. Boyd did not contradict the district court's conclusion. Where the court has followed the required procedure for accepting a guilty plea, the defendant is bound by his statements in response to that court's inquiry. Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). In addition, even if defense counsel told Boyd that the government planned to prosecute Boyd's wife if he did not plead guilty, counsel's conduct did not rise to the level of constitutionally deficient performance. Although Boyd may have worried about his wife's fate, his anxiety does not equate with duress in a constitutionally impermissible sense. Politte v. United States, 852 F.2d 924, 930 (7th Cir.1988).
 
 
 9
 Boyd's second example of his attorney's deficient performance is also meritless. Boyd claims that his attorney did not object to the enhancement of Boyd's sentence and that counsel should have objected because one of the predicate offenses supporting the enhancement had been set aside by the state court. Even if one assumes that one of the predicate offenses had been dismissed, there were three other predicate convictions to support the enhancement. Thus, if counsel had objected, his objection would have been frivolous. Trial counsel is not required to make frivolous objections to avoid a charge of ineffective representation. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986).
 
 
 10
 Accordingly, the motion for the appointment of counsel is denied, the motion for in forma pauperis status is granted solely for the purpose of this appeal, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order dated May 22, 1995.